**Ivan Novianto PRATAMA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72199.

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2011.*

Filed June 3, 2011.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathleen Siok–Sien Koh, Esquire, Law Office of Kathleen S. Koh, Whittier, CA, for Petitioner.

Richard M. Evans, Esquire, Assistant Director, OIL, Sharon Michele Clay, Esquire, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

Ivan Novianto Pratama, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and deny the petition for review.

 Substantial evidence supports the IJ's finding that Pratama did not suf-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fer past persecution because even considered cumulatively, the harassment and extortion he endured and the bruises suffered during the commotion after his church was bombed did not rise to the level of persecution. *See id.* at 1059–60. The record also does not compel the conclusion that there is a pattern or practice of persecution against Christians in Indonesia. *See id.* at 1060–62. Further, even as a member of a disfavored group, the record does not compel the conclusion that Pratama demonstrated a sufficiently individualized threat of persecution to establish a well-founded fear of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004). Accordingly, Pratama's asylum claim fails.

Because Pratama failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**